IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 13-980-GMS |
| ) | |
| HOWARD R. YOUNG CORRECTIONAL ) | |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff Ronald G. Johnson ("Johnson") filed a combined petition for a writ of mandamus and complaint pursuant to 42 U.S.C. § 1983 for this Court to order the defendants the Howard R. Young Correctional Institution ("HRYCI") and the HYRCI Medical Department ("Medical Department") to take him to a medical hand doctor to fix the broken bone in his hand. (D.I. 2.) Johnson explains that medical care was provided but extra medical surgical help is needed. Johnson appears *pro se* and has been granted leave to proceed *in forma pauperis*. The defendants were ordered to respond to the petition for a writ of mandamus. A response was filed on June 10, 2013. (D.I. 8.)

### II. WRIT OF MANDAMUS

Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). A federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining" a petition for a writ of mandamus, the court "must identify a jurisdiction that the issuance of the writ might assist.")

Here, Johnson alleges deliberate indifference to medical needs in violation of the Eighth Amendment. Thus, raising a federal question.

Nonetheless, Johnson has failed to demonstrate his entitlement to a writ of mandamus. To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.* Here, Johnson has other means to attain the relief he desires, through the submission of a prison grievance or the filing of a civil rights complaint as is apparent through his combined filing. In addition, Johnson has failed to show that his right to issuance of the writ is clear and indisputable. Regardless, medical records submitted by the State indicate that Johnson is receiving medical care.

Accordingly, for the above reasons, the petition for a writ of mandamus will be denied.

## IV. CONCLUSION

For the above reasons the court will deny the petition for writ of mandamus. The civil rights claim contained in the filing will be screened at a later date.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

June 21, 2013
Wilmington, Delaware

2